NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 9, 2017
Decided August 21, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2130

ZACHARY M. MUTTER,
  *Plaintiff-Appellant,*

*v.*

WILLIAM RODRIGUEZ, et al.,
  *Defendants-Appellees.*

Appeal from the
United States District Court
for the Northern District of Illinois,
Eastern Division.

No. 13 C 8580

John W. Darrah,
*Judge.*

## O R D E R

Zachary Mutter filed suit against state officials after they expelled him from the University of Illinois at Chicago (UIC) for brandishing a firearm. The district court dismissed his complaint, partly under the Eleventh Amendment and partly for failure to state a claim. Because the Eleventh Amendment bars the claims for damages and Mutter's claim for prospective relief is moot, we affirm the dismissal.

The complaint alleges the following events. Mutter, formerly a second-year dentistry student at UIC, was walking home from the library with a friend in October 2013 when he saw a woman being "brutally attacked." He was carrying concealed in a holster his pistol, which was registered in Missouri, his home state. He had no Illinois

firearm owner's identification card or license to carry his gun in Illinois at the time of the attack.

Mutter eventually drew his gun. He yelled at the attacker, who ran toward Mutter and his friend. While advancing, the man was "shuffling in his pockets, swearing in a menacing tone and furtively attempting to retrieve an unknown object from his jacket, all the while yelling threatening, racially insensitive statements." Mutter told the attacker to stop. The man returned to the woman he had been attacking and they sped off in a car, but the car later reappeared in Mutter's path. The attacker left the car and again threatened Mutter, repeating his "furtive movements in an attempt to retrieve an unknown object from his pocket" and "racially charged epithets." A car with four "student patrol officers" then arrived. After Mutter, still armed, demanded their help, the students "locked their vehicle's doors and rolled up the windows." As the student patrollers looked on, Mutter aimed his gun again at the attacker. The man then retreated. Mutter's friend called 911 while Mutter went to his apartment to put his gun away.

After campus police arrived, the student patrol officers signed criminal complaints against Mutter. They said that he had "plac[ed] their lives in jeopardy." The police arrested him and he was eventually charged with four counts of reckless conduct with a firearm and two counts of aggravated unauthorized use of a firearm. Several charges were later dismissed, and Mutter was acquitted of the remaining charges.

The disciplinary action that is the subject of this case—Mutter's expulsion from the dental school for brandishing his gun—commenced immediately after the incident. William Rodriguez, UIC's Associate Dean of Students, notified Mutter of his expulsion hearing. At that hearing held late in October 2013, UIC presented a campus police officer to describe the events. Mutter, represented by counsel, was not permitted to cross-examine witnesses or testify, though the friend who had witnessed the attack testified for him. After the hearing UIC expelled Mutter from the dentistry school for drawing his gun, but it gave him "the opportunity to reinstate in 2015."

Mutter filed this suit under 42 U.S.C. § 1983, invoking the Second, Fourth, and Fourteenth Amendments, and state law. He alleged claims against UIC, the UIC Police Department, the student patrol officers, Associate Dean Rodriguez, and Christopher Kennedy, the Chairman of the Board of Trustees for the university. He sought reinstatement to UIC and damages, but he sued the individual defendants in their official capacities only.

The district court dismissed Mutter's complaint as barred in most part by the Eleventh Amendment. Under *Ex parte Young*, 209 U.S. 123, 159–60 (1908), the judge acknowledged, a plaintiff may bring a claim against a state official in his official capacity for "prospective injunctive relief" to remedy an "ongoing violation of federal law." But the judge concluded that Mutter failed to state any plausible ongoing federal violation.

We agree with the judge that Mutter may not sue UIC or its police department. The Eleventh Amendment "usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. Indiana Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). It does not bar suits against state *officials* if they are sued in their official capacities for "prospective equitable relief" to remedy "ongoing violations of federal law," *id*. (citing *Ex parte Young*, 209 U.S. at 159–60), or in their individual capacities for damages under 42 U.S.C. § 1983, *see Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). But UIC and its police department are not state officials and thus are not "suable persons" under the § 1983 statute or under the doctrine of *Ex parte Young*. See *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Peirick*, 510 F.3d at 694–95; *Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1992). (Mutter incorrectly calls the UIC Police a division of the Chicago Police Department, but as the appellees have pointed out, it is a division of the university under Illinois law. *See* 110 ILL. COMP. STAT. § 305/7(a) (setting forth University of Illinois trustees' control over university police department); *see id.* § 320/1 (establishing UIC as branch of University of Illinois)).

Mutter also has no permissible claims against the individual defendants—the student patrol officers, Rodriguez, and Kennedy. Mutter sues them in only their official capacities, so his only possible remedy against them is prospective relief—the reinstatement that he seeks—but only if necessary to prevent "ongoing violations of federal law." *See Peirick*, 510 F.3d at 695; *Kroll*, 934 F.2d at 907. Mutter does not contend that he faces any ongoing violations of federal law from the student patrol officers, so the Eleventh Amendment blocks his claims against them. *See Peirick*, 510 F.3d at 695. He does argue that Rodriguez and Kennedy are violating federal law by not reinstating him, but as we are about to explain, that claim is moot.

Mutter's complaint alleges that UIC expelled him in 2013 but granted him the "opportunity to reinstate in 2015." Thus as was true in a similar case, the expulsion was "only for two years, and the two years are up, so that there is, at least as far as the record discloses, no obstacle to his being readmitted." *See Osteen v. Henley*, 13 F.3d 221, 223 (7th Cir. 1993). That renders the case moot. *See id.* Rodriguez and Kennedy are no longer

denying Mutter's asserted "right" to apply for readmission because by his own account he is and has been eligible to reinstate without court involvement. *See id.*; *see also Ozinga v. Price*, 855 F.3d 730, 734–35 (7th Cir. 2017) (noting that for a complaint requesting prospective relief, when the "complained-of defect" is removed, the case should be dismissed as moot); *Vinson v. Vermilion County*, 776 F.3d 924, 929 (7th Cir. 2015) (noting that a complaint can plead itself "out of court" by including facts that establish an "impenetrable defense" to claims).

Mutter replies that his case is not moot because he is "on the hook" to the Air Force for the tuition it paid on his behalf (he received a scholarship as part of his membership in the reserves). But even if true, that fact does not negate mootness because as we have already observed, Mutter sues Rodriguez and Kennedy in their *official* capacities, so damages are unavailable to him. *See Quern v. Jordan*, 440 U.S. 332, 338–42 (1979); *Kroll*, 934 F.2d at 907–08 (explaining the difference between an individual-capacity suit for damages and official-capacity suit for state officials).

We end with a technical note. In dismissing this suit as barred by the Eleventh Amendment, the district court treated the dismissal as jurisdictional. But a dismissal based on that amendment is on the merits and therefore with prejudice. *See Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). We thus modify the judgment as follows: The damages claims and all claims against UIC and the UIC Police are dismissed with prejudice, and the remaining claims for reinstatement are dismissed as moot. As modified, the judgment is

AFFIRMED.